**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GENE ACHZIGER, individually and as
the representative of all persons similarly
situated,

Plaintiff-Appellant,

v.

IDS PROPERTY CASUALTY
INSURANCE COMPANY, AKA
Ameriprise,

Defendant-Appellee.

No. 17-35996

D.C. No. 3:14-cv-05445-BHS

**MEMORANDUM**[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted April 8, 2019
Seattle, Washington

Before:  W. FLETCHER, CALLAHAN, and CHRISTEN, Circuit Judges.

In *Moeller v. Farmers Ins. Co. of Wash.*, 267 P.3d 998 (Wash. 2011)

("*Moeller III*"), the Supreme Court of Washington held that a Farmers auto

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

insurance policy covered not only the cost of repair to a vehicle but any "diminution in value between a preaccident and postrepair vehicle." *Id*. at 1003. After a 2013 car accident, Gene Achziger filed a claim with his auto insurance provider, IDS Property Casualty Insurance Company ("IDS"). Relying on *Moeller III*, Achziger filed a class action complaint alleging that IDS breached its contract and violated the Washington Consumer Protection Act ("CPA"), Wash. Rev. Code § 19.86.010 *et seq*., when IDS failed to inform Achziger about the availability of coverage for diminished value and failed to adjust his loss to include diminished value. Achziger seeks to represent a class of roughly 7,000 individuals with similar claims against IDS under Rule 23(b)(3). The district court denied the motion for class certification after it found that "Achziger has failed to show his proposed class meets the requirements of typicality, predominance, and superiority[.]"

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's denial of class certification for abuse of discretion. *Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093, 1103 (9th Cir. 2017). "First, we look to whether the trial court identified and applied the correct legal rule to the relief requested. Second, we look to whether the trial court's resolution of the motion resulted from a factual finding that was illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 513 (9th Cir. 2013) (internal quotation omitted).

2

## I. Typicality

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation omitted). The district court found atypicality on two grounds, neither of which is supported by the record.

First, the district court found an absence of typicality because "Achziger seeks to represent a class of insureds who have different IDS policies than him." It is true that there are "two types of coverage at issue in this case: collision and/or comprehensive coverage and UIM coverage." But the two coverage provisions are not materially different. Although the provisions are worded differently, both cover diminished value and do so in the same way. *Moeller III* found diminished value coverage after concluding that the insurance provision at issue was ambiguous and that a reasonable insured would expect coverage of diminished value under the provision. 267 P.3d at 1001-1004. The same logic applies to both provisions at issue here, with the same result. The district court recognized that *Moeller III* controls when it granted Achziger's motion for summary judgment on the issue of whether his policy covers diminished value. Moreover, as made clear both in the briefs and at oral argument, IDS uses the same formula to calculate diminished

value under both provisions. Given these commonalities in coverage and calculation, the district court erred in concluding that "some members will need to make different legal arguments than Achziger to state a breach of contract claim."

Second, the district court concluded that "[IDS's] claims handling practices and procedures changed over the proposed class period" such that "each class member's CPA claim does not arise from the same course of events." But IDS's process for adjusting for diminished value did not change over the class period. When IDS adjusted for diminished value, it always used the same formula to do so. Because of this, Achziger's claims are "reasonably co-extensive with those of absent class members[.]" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).

## II. Predominance

"The Rule 23(b)(3) predominance inquiry asks the court to make a global determination of whether common questions prevail over individualized ones." *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016).

The district court found an absence of predominance in part because "the proposed class definition in this case encompasses different types of coverage." As discussed above, however, the type of coverage under the two provisions is not different. The district court also emphasized that coverage under the UIM

4

provision "requires an individual factual assessment of the . . . fault of the insured driver." But for every claim that requires a determination of driver fault, IDS has already made such a determination and recorded it in its records.

The district court also noted that there are "several individualized factors that must be considered to determine whether a vehicle sustained diminished value in the first instance." But IDS conceded at oral argument that it rarely inspects individual vehicles when calculating diminished value because it uses a formula that employs commonly available information to make the calculation. Moreover, class certification would not impede IDS's ability to defend against claims by individuals who have no diminished value damages. *See Moeller III*, 267 P.3d at 1005 (explaining that class certification would not prevent the insurer from running "a defense based on lack of damages.").

We conclude that the district court abused its discretion by giving more weight to potential individual damages disputes than common questions of liability. *Sandoval v. Cty. of Sonoma*, 912 F.3d 509, 518 (9th Cir. 2018) (A district court abuses its discretion if it "commits a clear error of judgment in weighing the correct mix of factors."). These common question include whether IDS failed to inform class members of their right to receive diminished value compensation, whether IDS's formula for assessing diminished value is unfair, and whether the compensation that members received, if any, was inadequate.

## III. Superiority

The superiority inquiry "involves a comparative evaluation of alternative mechanisms of dispute resolution." *Hanlon v. Chrysler Corp.*, 150 F.3d at 1023. The district court found that a class action was not superior because "individual issues currently predominate over common issues[.]" But, as we conclude above, the district court abused its discretion in concluding that individual issues predominate. The district court also found that some class members could potentially be undercompensated. This finding, however, is "without support in inferences that may be drawn from the facts in the record." *Leyva*, 716 F.3d at 513 (internal quotation omitted). Furthermore, the speculative possibility that a few class members will be undercompensated does not outweigh the actuality that most class members will receive no relief in the absence of a class action. *See Moeller v. Farmers Ins. Co. of Wash.,* 229 P.3d 857, 865 (Wash. Ct. App. 2010), *aff'd,* 267 P.3d 998 (2011) ("Because each claim has a de minimus value, individuals are unlikely to pursue separate actions.").

The district court abused its discretion in reaching its conclusions as to typicality, predominance, and superiority. We vacate the district court's denial of

class certification and remand for further consideration consistent with this disposition.[1]

**VACATED and REMANDED**.

---

[1] We **GRANT** Appellant's Request for Judicial Notice, filed August 20, 2018 (Dkt. No. 44).